# United States District Court
### for the
### Western District of New York

United States of America

v.

**ANTHONY ALLEE, and
TASHIRA ALLEE**

*Defendants*

Case No. 19-mj- 137



## CRIMINAL COMPLAINT

I, Curtis E. Ryan, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning in or before July 2019, and continuing until on or about July 22, 2019, in the County of Orleans, in the Western District of New York, the defendant, **ANTHONY ALLEE**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, a mixture and substance containing cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance. **All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).**

Beginning in or before July 2019, and continuing until on or about July 22, 2019, in the County of Orleans, in the Western District of New York, the defendants, **ANTHONY ALLEEE** and **TASHIRA ALLEE**, did knowingly, intentionally, and unlawfully use and maintain a place, that is, the premises at 10202 Ridge Road, Medina, New York, for the use, distribution, or manufacture of controlled substances. **All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.**

Beginning in or before July 2019, and continuing until on or about July 22, 2019, in the County of Orleans, in the Western District of New York, the defendant, **ANTHONY ALLEE**, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 841(a)(1) and 856(a)(1), committed in the manner set forth in this Criminal Complaint, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess firearms. **All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

CURTIS E. RYAN
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 24, 2019

_____
*Judge's signature*

City and State:  Buffalo, New York

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

2

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK     )
COUNTY OF ERIE        )   SS:
CITY OF BUFFALO       )

I, **CURTIS E. RYAN**, being duly sworn, depose and state:

1. I am a Special Agent of Homeland Security Investigations ("HSI"), U.S. Immigration and Customs Enforcement, Department of Homeland Security, and have been so employed since February 2012. I am currently assigned to the HSI Buffalo, New York Border Enforcement Security Taskforce ("BEST"). As a Special Agent, I am a federal law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Sections 841, *et seq*.

2. During my law enforcement career, I have participated in investigations targeting the smuggling, trafficking, and distribution of controlled substances. As part of my employment with HSI, I successfully completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and U.S. Immigration and Customs Enforcement Special Agent Training, both of which included intensive instruction on drug enforcement, including application for and execution of, search and arrest warrants, as well as application for criminal complaints, and other legal process. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold, and used within the

framework of drug smuggling and how drug smugglers use other persons and/or their personal property to facilitate their illegal activities. Based on this experience, I am also familiar with language and terminology used by individuals involved in use and distribution of controlled substances, including marijuana. I have also investigated the illegal export of firearms and am familiar with the laws regarding their lawful possession. I previously worked as a Special Agent in the Department of Defense and the Department of Justice. I have been employed as a Special Agent since 1999.

3. I make this affidavit in support of an application for a Criminal Complaint charging **ANTHONY ALLEE** with the following violations: Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine and marijuana); Title 21, United States Code, Section 856(a)(1) (maintaining a premises for use, distribution, or manufacture of controlled substances); Title 18, United States Code, Section 924(c)(1)(A) (possession of firearms in furtherance of drug trafficking crimes); and Title 18, United States Code, Section 2. Furthermore, this affidavit is also submitted in support of a charging **TASHIRA ALLEE** with violations of Title 21, United States Code, Section 856(a)(1) (maintaining a premises for use, distribution, or manufacture of controlled substances) and Title 18, United States Code, Section 2 (aiding and abetting).

4. This affidavit contains information based on my own personal knowledge as well as information provided by other law enforcement agents and local law enforcement members. As it is my purpose to obtain a criminal complaint for which only probable cause is required, I have not included every fact learned during the investigation.

5. On July 22, 2019, Orleans County (NY) Judge Sanford A. Church authorized the search of the entire property located at 10202 Ridge Road, Medina, New York, which is the residence of **ANTHONY ALLEE** and **TASHIRA ALLEE**, who are believed to be husband and wife. The search warrant authorized law enforcement to search for evidence, fruits, and instrumentalities of violations of New York state laws regarding theft of property, firearms, and controlled substances.

6. On that same date, officers executed the search warrant at 10202 Ridge Road, Medina, New York. As described herein, the search warrant resulted in the seizure of multiple firearms, numerous articles of property reported as stolen, marijuana, pills believed to be controlled substances, ammunition, scales, bags, and other items of evidence including **TASHIRA ALLEE's** mobile (cellular) phone.

7. Investigator Michael Licinio, Niagara County Sheriff's Office, discovered **TASHIRA ALLEE's** mobile phone in a bathroom within the residence. Investigator Licinio conducted a cursory search of the phone to determine if the phone would power on and if the phone was locked with a passcode. During the cursory search Investigator Licinio saw a text from a contact saved in the phone as Anthony. The text informed **TASHIRA ALLEE** that police had encountered Anthony and directed **TASHIRA ALLEE** to get to the barn. **TASHIRA ALLEE** responded that she would go to the barn.

8. During the search of the barn located behind the main house, law enforcement discovered a room in which officers discovered a safe. Within the safe, law enforcement recovered prescription pill bottles containing pills and a loaded Colt .45 ACP pistol. Law

3

enforcement observed the safe in close proximity to a set of cupboards with a countertop. On the countertop, officers discovered a digital scale with white powder residue (believed to be cocaine), plastic bags, ammunition, and a magazine for a SKS rifle. In one drawer of the cupboard, officers discovered two additional scales and plastics bags containing what appeared to be marijuana. Leaning against the wall in a nearby corner was a SKS rifle. The numbers 0140 and 22000456 were stamped into the left side of the rifle. Law enforcement also recovered a Ruger model 10-22 carbine, bearing serial number 249-52473, in the room and in close proximity to the countertop.

9. Inside the residence officers seized eleven (11) firearms from a bedroom. The bedroom was located on the second floor residence in an area accessible to both **ANTHONY ALLEE** and **TASHIRA ALLEE**. The firearms included a Taurus Judge pistol that had been reported stolen in the Town of Tonawanda. The remaining firearms were various rifles and shotguns that are still being further identified as of this writing. It should be noted that officers seized several other items of property previously reported stolen. The articles included trailers, motorcycles, off road vehicles and other items of personal property.

10. During the execution of the search warrant, Orleans County Sheriff's Office Investigator Ken Stickland advised **ANTHONY ALLEE** of his Miranda rights. **ALLEE** waived his rights and made statements to Inv. Strickland and your affiant in which **ANTHONY ALLEE** admitted unlawfully possessing the prescription pills, cocaine, marijuana, ammunition, scales, and firearms found on his property by law enforcement. **ANTHONY ALLEE** also admitted that he was a long term seller of marijuana and that he had recently begun selling cocaine. When asked about the meaning of the text message he

sent to **TASHIRA ALLEE** directing her to the barn, **ANTHONY ALLEE** explained that he wanted her to go to the barn to lock the safe that contained the pills and pistol in an attempt to hide the contents of the safe from law enforcement.

11.   Based upon investigation conducted by members of the Orleans County Sheriff's Office and others, and including statements made by **ANTHONY ALLEE** to your affiant and others, it appears that the conduct detailed herein has been occurring for a lengthy period of time, including before July 2019 and continuing until July 22, 2019.

**WHEREFORE**, based on the foregoing, I respectfully submit probable cause exists: that **ANTHONY ALLEE** possessed firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(A); possessed with intent to distribute, and to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and, that **ANTHONY ALLEE** and **TASHIRA ALLEE** maintained a drug-involved premises, that is, 10202 Ridge Road, Medina, New York, for the use, distribution, or manufacture of controlled substances, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2 (aiding and abetting).

CURTIS E. RYAN
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 24th day of July, 2019.

HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

5